# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| KELLY GOMEZ and RUBEN GOMEZ, JR., | Civil No. 12-153 (JRT/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MARKETPLACE HOME MORTGAGE LLC and CITIMORTGAGE, INC., | |
| Defendants. | |

Jeffrey R. Vesel, **JEFFREY R. VESEL LAW FIRM**, 920 Sunrise Avenue, Stillwater, MN 55082, for plaintiffs.

Wyatt S. Partridge and Thomas J. Lallier, **FOLEY & MANSFIELD, PLLP**, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, for defendants.

Kelly and Ruben Gomez (the "Gomezes") defaulted on their mortgage, and their creditors foreclosed and began eviction proceedings. The Gomezes' complaint alleges violations of the Truth in Lending Act ("TILA") triggering their right to rescind the mortgage, and they now seek a preliminary injunction to keep them in their home pending resolution of the case. Because the Court finds that the balance of the equities does not so favor the Gomezes that it must intervene to preserve the status quo, the Court will deny the motion.

## BACKGROUND

The Gomezes executed a note in favor of defendant Marketplace Home Mortgage, LLC ("MHM") in February 2009. (Aff. of Mike Beerling, Ex. A, Mar. 19, 2012, Docket No. 15.) The Gomezes also obtained a mortgage on a property in Cottage Grove Minnesota in favor of MHM to secure payment of the note. (*Id.*, Ex. B.) A later notice informed the Gomezes that as of April 2009, defendant CitiMortgage, Inc. ("CM," collectively with MHM, "Defendants") would have the right to service the loan and to receive payments under the note. (*Id.*, Ex. C.)

In March 2011, CM notified the Gomezes that they were in default under the mortgage. (Aff. of Travis A. Nurse, Ex. A., Mar. 15, 2012, Docket No. 16.) The Cottage Grove property was later sold at a Sheriff's sale in June 2011. (*Id.*, Ex. B.) The six-month redemption period expired in December 2011 (*id.*), and CM began eviction proceedings thereafter. (Nurse Aff., Ex. C.) One day before expiry of the redemption period, however, the Gomezes filed a complaint in state court alleging that they were entitled to rescind the mortgage under TILA. (Compl., ¶¶ 9-14, 28-40, Jan. 19, 2012, Docket No. 1.) Specifically, the complaint alleged that the Gomezes can rescind the mortgage because the closing agent did not provide (1) the required number of notices of the right to rescission or (2) the required number of disclosure statements. (*Id.*) The Complaint also alleged that the Gomezes are entitled to statutory damages for these TILA violations. (*Id.* ¶¶ 36, 43.) Defendants removed the case to federal court and denied all material allegations. (Answer, Jan. 26, 2012, Docket No. 2.)

Per the parties' joint discovery plan, Defendants served the Gomezes with initial disclosures on February 17, 2012. (Nurse Aff., Ex. D.)  Defendants produced four signed copies of the notices of right to rescind (two signed by Kelly; two signed by Ruben), and one signed acknowledgement executed by both Kelly and Ruben Gomez declaring that each had received a copy of the disclosure statement. (*Id.*)

## ANALYSIS

**I. PROPRIETY OF A PRELIMINARY INJUNCTION**

The Court considers four factors in determining whether to issue a preliminary injunction: (1) the probability that the Gomezes will succeed on the merits; (2) the threat of irreparable harm to the Gomezes; (3) the balance of harms as between the Gomezes and the Defendants, and (4) the public interest. *Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). Calculating the probability of success on the merits with mathematical precision is not required. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.*

### A. Likelihood of Success on the Merits

TILA requires that creditors provide borrowers with certain notices and material disclosures; failure to provide the required notices and disclosures entitles consumers to an automatic three-year right of rescission after the transaction's consummation. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).  The Gomezes' complaint alleges

improper delivery of both the notice of the right to rescind and the material disclosure statement.

### 1. Notice of Right to Rescind

"A creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.15. Failure to provide **each** consumer with **two** copies of the notice triggers the right to rescind. *In re Regan*, 439 B.R. 522, 527 (Bankr. D. Kan. 2010); *Staley v. Americorp Credit Corp.*, 164 F. Supp. 2d 578, 583 (D. Md. 2001) (alleged delivery to borrower of only one copy of the notice of right to rescind, instead of two copies, supported claim for TILA violation).

Although the complaint alleges that the Gomezes are entitled to rescind because the closing agents did not provide the correct number of notices of the right to rescind, Defendants have since produced four executed copies of this notice (two for each Kelly and Ruben), as TILA requires. Failure of notice of the right to rescind can therefore not form the basis of a successful lawsuit. *See* 12 C.F.R. § 226.15; *In re Regan*, 439 B.R. at 527-28. The Gomezes instead appear to hang their chance for success on their alleged failure to receive the requisite number of disclosure statements.[1]

---

[1] The Gomezes' statutory damages claim – the other alleged basis of relief – is barred by the statute of limitations, which requires damages claims under 15 U.S.C. § 1640 to be brought within one year of the alleged violation. *Hobson v. Wells Fargo Home Mortg.*, No. 11-00010, 2011 WL 3704815, at *3 (E.D. Mo. Aug. 24, 2011). The Gomezes do not dispute this.

### 2. Material Disclosure Statement

Creditors must make disclosures "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). In the case of multiple consumers where the transaction is rescindable, "disclosures shall be made to each consumer who has the right to rescind." *Id.* § 266.17(d). Failure to provide **each** consumer with **one** copy of the disclosure form extends the time to rescind to three years. *In re Regan*, 439 B.R. at 527 (citing Elizabeth Renuart and Kathleen Keest, Truth in Lending § 6.1 (Nat'l Consumer Law Center 6th ed. 2007)).[2] Written acknowledgement of receipt of any disclosures creates a rebuttable presumption of proper delivery of the disclosures. 15 U.S.C. § 1635(c). The burden is then on the debtors to rebut the presumption by presenting evidence that the requisite number or quality of disclosures was not received. *Cooper v. First Gov't Mort. & Investors Corp.*, 238 F. Supp. 2d 50, 64 (D.D.C. 2002).

The Gomezes argue that both Kelly and Ruben were required to receive a copy of the disclosure statement, and that they only received one copy between the two of them. The record only shows one statement; but that statement contains an acknowledgement

---

[2] The Court is aware that some courts have construed this language more liberally. *Rand Corp v. Yer Song Moua*, No. 07-510, 2007 WL 1576732, at * 6 (D. Minn. May 30, 2007) (finding one copy sufficient for a couple), *overruled on other grounds by Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 845 (8th Cir. 2009). In line with TILA's remedial purpose to require meaningful disclosure and encourage the informed use of credit, however, the Court will construe the language strictly to require that each consumer receive a copy of the disclosure form. *See Rand Corp.*, 559 F.3d at 845 (8th Cir. 2009) (observing that TILA and its implementing regulations are "to be construed broadly in favor of consumers").

executed by both Kelly and Ruben noting that each had received a copy. (Beerling Aff., Ex. .)

In view of the executed acknowledgement form, the Gomezes must rebut the statutory presumption of proper delivery. *See* 15 U.S.C. § 1635(c). They attempt to do so by providing sworn affidavits stating that they received only one copy of the form. The Gomezes averred at oral argument that they plan to introduce no evidence beyond these statements. While the courts do not speak with one voice as to whether a borrower's testimony alone is enough to rebut the presumption of delivery, *In re Jackson*, No. 06-382, 2006 WL 3859132, at *4 (Bankr. E.D. Pa. Oct. 11, 2006), the weight of authority suggests that "[m]erely contradicting a prior signature does not overcome the statutory presumption." *Sobieniak v. BAC Home Loans Servicing, LP*, No. 11-110, 2011 WL 6122318, at *3 (D. Minn. Dec. 8, 2011).[3] The Eighth Circuit does not appear to have

---

[3] *Siffel v. NFM, Inc.*, 386 Fed. App'x 169, 170-71 (3d Cir. 2010); *Sibby v. Ownit Mortg. Solutions, Inc.*, 240 Fed. App'x 713, 717 (6th Cir. 2007) ("Plaintiff's deposition testimony that she only received one copy is insufficient to rebut this presumption."); *McCarthy v. Option One Mortg. Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004) (finding mere assertion of non-receipt insufficient to rebut written evidence that disclosures were provided); *Williams v. First Gov't Mortg. & Investors Corp.*, 225 F.3d 738, 751 (D.C. Cir. 2000) (trial testimony contradicting signed acknowledgment form insufficient to rebut the presumption); *Williams v. G.M. Mortg. Corp.*, No. 03-74788, 2004 WL 3704081, at *8 (E.D. Mich. Aug. 18, 2004) ("A] Plaintiff's bare bones, self-serving denial is not sufficient to rebut § 1635(c)'s statutory presumption."); *Golden v. Town & Country Credit*, No. 02-3627, 2004 WL 229078, at *2 (D. Minn. Feb. 3, 2004) (deposition testimony insufficient to overcome presumption); *but see Macheda v. Household Fin. Realty Corp.*, 631 F. Supp. 2d 181, 191 (N.D.N.Y. 2008) (finding affidavits sufficient to raise a fact question barring summary judgment); *Jobe v. Argent Mortg. Co., LLC*, No. 06-697, 2008 WL 450432, *4-5 (M.D. Pa. Feb. 15, 2008); *Cooper v. First Gov't Mortg. & Investors Corp.*, 238 F. Supp. 2d 50, 64-65 (D.D.C. 2002).

spoken directly to the issue.[4]

Under the circumstances, this Court agrees with the majority of courts that mere testimony to the contrary is insufficient to rebut the statutory presumption of proper delivery. Indeed, concluding that a simple averment to the contrary is sufficient to rebut the presumption of delivery would present potential TILA plaintiffs on the verge of losing their homes with an unsavory choice between eviction and avoiding eviction by testifying to never having received the proper documentation. The Court is loath to create such a perverse incentive. Because the Court concludes that the Gomezes' affidavits are insufficient to rebut the presumption of delivery, it also concludes that the Gomezes are extremely unlikely to prevail on the merits. This factor weighs heavily in favor of Defendants.

### B.   Threat of Irreparable Harm to the Gomezes

"If denying an injunction results in eviction, then the irreparable harm element is likely met." *Saygnarath v. BNC Mortg., Inc.*, No. 06-3465, 2007 WL 1141495, at *2 (D. Minn. Apr. 17, 2007) (citing *Higbee v. Starr*, 698 F.2d 945, 947 (8th Cir. 1983)). Defendants point to the Gomezes' "gamesmanship" in waiting to request injunctive relief

---

[4] The Eighth Circuit did appear to **suggest** that a borrower's testimony alone may be sufficient. *Stutzka v. McCarville*, 420 F.3d 757, 762 (8th Cir. 2005) (reversing district court's grant of summary judgment on a TILA claim where "[borrower]'s affidavit, at the very least, would have rebutted the presumption of delivery"). But as Judge Doty pointed out in *Sobieniak*, *Stutzka* addressed whether a court should consider an affidavit, not whether the particular affidavit overcame the presumption. *Sobieniak,* 2011 WL 6122318, at *3, n.4. On remand, the district court found that the affidavit was insufficient to overcome the presumption and the Eighth Circuit affirmed. *Stutzka v. Walters*, Civ. No. 02-0072, 2006 WL 1215146, at *2 (D. Neb. Apr. 28, 2006), *aff'd*, *Stutzka v. McCarville*, 243 Fed. Appx. 195, 197 (8th Cir. 2007).

until the day before eviction was proper. "A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief." *Nelson v. Faithful Fin., LLC*, No. 10-3405, 2010 WL 3384795, at *3 (D. Minn. Aug. 25, 2010) (quotation marks and citation omitted). The Court finds that the Gomezes' delay in seeking relief does weigh against them to some extent. But the suggestion that the Gomezes' eviction is a self-inflicted problem largely misses the point of the irreparable harm inquiry. The Gomezes' reason for delay in seeking injunctive relief is not clear. What **is** clear is that eviction amounts to irreparable harm. *Saygnarath*, 2007 WL 1141495, at *2. This factor favors the Gomezes.

### C. Balance of Harms

Issuance of injunction would deprive CM of its legal right to retake the Cottage Grove property and the income it could gain in so doing. Failure to issue an injunction may result in eviction. "[L]osing a basic necessity such as shelter is a greater harm to an individual couple than a company's temporary loss of income." *Saygnarath*, 2007 WL 1141495, at *3. This factor strongly favors the Gomezes.

### D. Public Interest

Weighty public interests exist on both sides of the scale. On the one hand, Defendants point to the detrimental effect injunctive relief would have on the mortgage industry, effectively requiring lenders to take unnecessary and expensive precautions in documenting closings. Defendants also suggest that issuing relief would undermine the finality of mortgage contracts. On the other hand, the public interests in preventing

unnecessary foreclosures and maintaining home ownership are at least equally strong. These interests cannot be weighed in the abstract. In the context of this case, the Court finds that granting relief would effectively grant borrowers license to rescind a mortgage simply by stating that they did not receive the requisite number of disclosure statements. This factor slightly favors Defendants.

### E.     Conclusion

The balance of the equities does not so favor the Gomezes as to require the Court's extraordinary intervention. Specifically, the Gomezes will almost certainly not prevail on the merits. Their sole theory of relief is that Defendants did not provide both Kelly and Ruben with a disclosure form. Each signed a form stating they had received a disclosure form, however, and this Court concluded above that mere testimony to the contrary is insufficient to rebut the statutory presumption of proper delivery. While the Gomezes no doubt face irreparable injury, and the harm of eviction does outweigh any loss in income to Defendants, the Court nonetheless finds that injunctive relief is improper because the Gomezes are extremely unlikely to prevail on the merits.

### ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs Kelly and Ruben Gomezes' Motion for Temporary Restraining Order and Temporary Injunction [Docket No. 5] is **DENIED**.

DATED:  April 30, 2012
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge